UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

CARLOS RODRIGUEZ,

                Plaintiff,

       -against-

NEW YORK CITY POLICE DEPARTMENT,
NEW YORK CITY POLICE COMMISSIONER,
et al.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

10 Civ. 891 (BSJ)(THK)

**MEMORANDUM OPINION AND
ORDER**

(Pro Se)

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

Plaintiff Carlos Rodriguez brought this action, pursuant to 42 U.S.C. § 1983, based on the circumstances surrounding four separate arrest incidents. He named as Defendants the New York City Police Department ("NYPD"), NYPD Commissioner Raymond Kelly, Police Officer Erik Rodriguez, Police Officer Cecilio Cintron, Police Officer John/Jane Doe, Police Officer Patrick Bubb, Police Officer Vincent Capitini, (collectively, the "NYPD Defendants"), and the New York County District Attorney, Assistant District Attorney Albert Berry III, Assistant District Attorney Rachel Bromberg, and Assistant District Attorney Eve Teipel (collectively, the "DA Defendants"). The action was referred to this Court for general pretrial supervision, pursuant to 28 U.S.C. § 636(b)(1)(A).

The NYPD and DA Defendants each moved to dismiss the

1

Complaint, and on December 30, 2010, the District Court dismissed all of Plaintiff's claims, with the exception of the federal and state law claims for false arrest and an unlawful search that Plaintiff asserted against Defendants Rodriguez, Cintron, and Bubb. (See Memorandum & Order, dated Dec. 30, 2011 ("Dec. 30 Order"), at 15.)  Plaintiff later sought leave to file an amended complaint, and he was instructed to file a Proposed Amended Complaint. (See Order, dated Mar. 26, 2011 ("Mar. 26 Order"), at 2.)

Plaintiff subsequently moved to amend and filed a Proposed Amended Complaint (see Plaintiff's Proposed Amended Complaint, dated Apr. 24, 2011 ("Prop. Am. Compl.")), in which Plaintiff: (1) adds his arrest of June 18, 2009 as a basis for various claims; (2) seeks to add as defendants in relation to his June 18, 2009 arrest, Parole Officer Beverly Johnson, Police Officer Oscar Diaz, Police Officer Ohmeed Davodian, Police Officer Sergeant Paul Trapani, and Police Officer Lieutenant Frankie Rivera; (3) seeks to add as plaintiffs with respect to the June 18, 2009 arrest and search, Lisbeth Franco, Doris Velez, and Michelle Seda; (4) drops claims that are based on his arrest of October 3, 2006; (5) drops all references to state law claims and refers exclusively to his rights under the United States Constitution; and (6) omits as defendants the New York City Police Department; New York City Police Commissioner Raymond Kelly; Officer Vincent Capitini; and the New

York County District Attorney's Office.

Defendants who are presently in this action - Officers Bubb, Cintron, and Rodriguez - oppose Plaintiff's motion to amend. (See Defendants' Opposition to Plaintiff's Motion to Amend the Complaint, dated May 12, 2011 ("Defs.' Opp.").)

For reasons discussed below, Plaintiff's motion is granted in part and denied in part.

### BACKGROUND

Plaintiff claims that he was falsely arrested and imprisoned, maliciously prosecuted, and that he suffered unreasonable searches during the course of four arrest incidents.

On April 25, 2007, Plaintiff intervened in an altercation between Hedney Bailon and Angela Cabrera, and Defendant Officer Bubb arrested Plaintiff on a charge of Assault in the 3rd Degree. (See Prop. Am. Compl. ¶¶ 12-13.) Plaintiff contends that there was no basis for his arrest and that the DA Defendants continued to prosecute him for a period of two years. (See id. ¶ 15.) The case was ultimately dismissed on speedy trial grounds. (See id. ¶ 16.)

On February 13, 2008, Plaintiff was arrested by several of the police officer Defendants and charged with criminal sale of marijuana to an undercover officer; at the time of the arrest, the officers recovered $338.00 from Plaintiff. (See id. ¶¶ 20-21.) Defendant Cintron filed a criminal complaint, which, according to

Plaintiff, falsely accused Plaintiff of criminal sale of marijuana to an informant, though in fact Defendant Officer Cintron was merely relaying the facts as reported by the undercover officer. (See id. ¶ 21; Ex. C.)   Defendant Officer Cintron reported the arrest to Plaintiff's parole officer, Defendant Johnson, who filed a parole violation warrant. (See id. ¶¶ 26-27.)   Defendant ADA Berry prosecuted the offense and, according to Plaintiff, falsely told the Court he was ready for trial. (See id. ¶ 25.)   Plaintiff was incarcerated from February 13, 2008 to June 9, 2008, and the charges were dismissed on November 13, 2008, according to Plaintiff, for lack of probable cause. (See id. ¶¶ 29-30.)

On October 22, 2008, Plaintiff was arrested for criminal trespass by Defendant Officer Rodriguez. (See id. ¶ 36.)   Plaintiff claims that he just happened to be on the street as another suspect was eluding police pursuit. (See id. ¶¶ 32-33.)   Plaintiff contends that he was illegally searched and arrested, without probable cause. (See id. ¶ 35.)   The criminal trespass charge was dismissed on December 7, 2009, according to Plaintiff, for lack of probable cause. (See id. ¶¶ 35, 38.)    Plaintiff contends that he was maliciously prosecuted by ADA Bromberg.

Finally, on June 18, 2009, Plaintiff was at home with proposed plaintiffs Franco, Velez, and Seda, when Defendant Parole Officer Johnson and Parole Officer Pitchardo came to inspect the premises.

4

(See id. ¶¶ 39-40.)   According to Plaintiff Rodriguez, as Parole Officer Johnson was inspecting his room, Franco left the apartment. (See id. ¶ 42.)   Shortly thereafter, according to Plaintiff, Defendant Officers Davodian, Trapani, and Rivera entered the apartment with additional detectives, telling Velez and Seda not to move or make any phone calls. (See id. ¶¶ 44, 47.)   After brief questioning, Plaintiff Rodriguez produced a bottle of steroids and multiple syringes; the Defendant Officers then searched the house further, and also discovered a large quantity of marijuana, cash, drug paraphernalia, a .45 automatic hand gun, and two large knives. (See id. ¶¶ 49-51, 60-61.)   Plaintiff Rodriguez and Franco were arrested during the incident (see id. ¶¶ 51, 53), and Velez and Seda were "told to find somewhere else to sleep." (See id. ¶ 55.) Defendant Officer Diaz escorted Rodriguez and Franco to the 34th Precinct, where they were charged with criminal possession of a weapon and criminal possession of marijuana. (See id. ¶ 56.) Plaintiff contends that Officers Diaz and Davodian conspired with Parole Officer Johnson to conceal Officers Davodian, Trapani, and Rivera's illegal search of Plaintiff's apartment. (See id. ¶ 58.) In January 2010, the charges were dismissed against Franco for lack of probable cause. (See id. ¶ 61.)   Plaintiff Rodriguez, however, pled guilty to a charge of Criminal Possession of a Weapon in the 3rd Degree. (See Defs.' Opp., Ex. C.)

## DISCUSSION

### I. Applicable Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides that motions to amend are to be freely granted "when justice so requires," see Fed. R. Civ. P. 15(a)(2), but it is within the district court's sound discretion to grant or deny leave to amend. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227 (1962)). Amendments of the pleadings may be denied where there has been undue delay or bad faith, where the non-moving party would suffer undue prejudice, or where the pleading would be futile. See Foman, 371 U.S. at 182; Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009) ("Generally, a district court has discretion to deny leave [to amend] for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.") (internal quotation marks and alterations omitted); Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008); Commander Oil Corp. v. Barlo Equip. Corp., 215 F.3d 321, 333 (2d Cir. 2000) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.").

The futility analysis follows the same standard as for Rule 12(b)(6) motions to dismiss, see Dougherty v. Town of N. Hempstead

6

Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002), meaning that a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). The Court "accepts as true all of the allegations contained in a complaint," Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009); see also Dougherty, 282 F.3d at 87, but, as noted, Plaintiff's factual allegations must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555.

Defendants do not claim that they would be prejudiced by the proposed amendments or that there has been undue delay in asserting the proposed amendments. Instead, they claim that allowing the amendments would be futile. (See Defs.' Opp. at 2-3.)

## II. The June 18, 2009 Arrest and the Additional Parties

In the Proposed Amended Complaint, Plaintiff seeks to assert claims based on a June 18, 2009 arrest, which was not discussed at all in the original Complaint. Based on this incident, he asserts a claim of false arrest with respect to himself and, it appears, proposed plaintiff Franco. He also asserts an unlawful search on his own behalf and, apparently, on behalf of all of the proposed plaintiffs. He also seeks to add five additional defendants in relation to this incident.

Defendants argue that because Plaintiff was arrested and

7

convicted of Criminal Possession of a Weapon in the 3rd Degree after his arrest on June 18, 2009, he is barred from asserting claims of false arrest,[1] malicious prosecution, or an unlawful search. (See Defs.' Opp. at 3.)   Defendants further argue that if Plaintiff is barred from asserting claims based on the June 18, 2009 arrest, there is no basis to join the additional plaintiffs and defendants. (See id. at 4.)

**A. Plaintiff Rodriguez's Claims Stemming from the June 18, 2009 Arrest**

    **1. False Arrest**

To establish a claim of false arrest, Plaintiff must show that NYPD Defendants "intentionally confined him without his consent and without justification." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996).   However, "the existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." Jenkins v. City of New York, 478 F.3d 76, 84 (2d Cir. 2007) (quoting Weyant, 101 F.3d at 845)(internal citations

---

[1] Plaintiff also claims that he was falsely imprisoned in violation of his constitutional rights (see Prop. Am. Compl. ¶ 63), but this claim is subsumed under the false arrest claim because, under New York law, "[a] false imprisonment claim . . . is identical to a false arrest claim." Kilburn v. Village of Saranac, 413 Fed. App'x 362, 363 (2d Cir. 2011) (citing Posr v. Doherty, 944 F.2d 91, 96 (2d Cir. 1991)).

omitted).   The NYPD Defendants can show that probable cause to arrest existed if they had "knowledge or reasonably trustworthy information of facts and circumstances" that would lead a reasonable person to believe that Plaintiff had committed or was in the process of committing a crime. See id. at 84-85 (quoting Weyant, 101 F.3d at 852).

By Plaintiff's own admission, the NYPD Defendants recovered from Plaintiff's apartment, among other things, steroids, multiple syringes and drug paraphernalia, a .45 automatic hand gun, which was loaded, and a "large quantity" of marijuana. (See Prop. Am. Compl. ¶ 51; see also Ex. L.)  At the time, Plaintiff was on parole and subject to parole supervision.   On the facts of the Amended Complaint, therefore, the NYPD Defendants possessed knowledge that would lead a reasonable person to conclude that Plaintiff had committed a crime. See, e.g., N.Y. Penal Law § 265.02(1) (McKinney 2008); N.Y. Penal Law § 221.25 (McKinney 2008).[2]  It follows that

---

[2] N.Y. Penal Law § 265.02(1) states that, "[a] person is guilty of criminal possession of a weapon in the third degree when: (1) Such person commits the crime of criminal possession of a weapon in the fourth degree as defined in subdivision one, two, three, or five of section 265.01, and has been previously convicted of a crime. . . ." Of particular relevance here is section one of N.Y. Penal Law § 265.01, which defines criminal possession of a weapon in the fourth degree as occurring when a person "possesses any firearm."
N.Y. Penal Law § 221.25 provides that, "[a] person is guilty of criminal possession of marijuana in the second degree when he knowingly and unlawfully possesses one or more preparations,

Defendants had probable cause to arrest Plaintiff.

Moreover, and as pointed out by Defendants, under <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364 (1994), Plaintiff may not maintain a § 1983 claim for false arrest if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." <u>Heck</u>, 512 U.S. at 487; <u>see also</u>, <u>Skinner v. Switzer</u>, ____ U.S. _____, 131 S. Ct. 1289, 1298 (2011). Here, Plaintiff was convicted of Criminal Possession of a Weapon in the 3rd Degree. (<u>See</u> Defs.' Opp., Ex. C.) Were Plaintiff to obtain a judgment against Defendants for false arrest based on the June 18, 2009 arrest, it would undeniably cast doubt on the validity of his conviction.

For these reasons, it would be futile for Plaintiff to proceed with a false arrest claim based on the June 18, 2009 arrest.

### 2. Malicious Prosecution

The elements of a malicious prosecution claim brought under § 1983 are generally based on state law. <u>See</u> <u>Cook v. Sheldon</u>, 41 F.3d 73, 79 (2d Cir. 1994). For malicious prosecution claims in New York, courts place a "heavy burden" on plaintiffs in order to allow for "benign misjudgments." <u>Smith-Hunter v. Harvey</u>, 95 N.Y.2d 191,

---

compounds, mixtures or substances containing marijuana and the preparations, compounds, mixtures or substances are of an aggregate weight of more than sixteen ounces."

195, 712 N.Y.S.2d 438, 440 (2000).  The state law elements of malicious prosecution are "(1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in the plaintiff's favor." Rohman v. City of New York Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000).  In addition, federal law requires that in § 1983 claims for malicious prosecution, a plaintiff must show that there was "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." Id.

As with the false arrest claim, a finding of probable cause gives the NYPD Defendants a complete defense to a malicious prosecution claim. See Hargroves v. City of New York, 411 Fed. App'x 378, 386 (2d Cir. 2011) (citing Manganiello v. City of New York, 612 F.3d 149, 161 (2d Cir. 2010)).  Unlike the false arrest analysis, however, Defendants here must have had probable cause for each charge for which Plaintiff was prosecuted.  In New York, when "an accused [is] arrested on multiple charges but convicted on only one [he] may proceed with a claim for malicious prosecution on the charge on which he was not convicted." Fulton v. Robinson, 289 F.3d 188, 197 (2d Cir. 2002) (citing Janetka v. Dabe, 892 F.2d 187, 190 (2d Cir. 1989)).  Furthermore, the Supreme Court's Heck

11

decision does not necessarily bar Plaintiff from maintaining a malicious prosecution claim that is based on charges for which he was not convicted.

In the instant case, however, this is a distinction without a difference. While Plaintiff was never convicted of the marijuana charge (see Defs.' Opp., Ex. C), the NYPD Defendants clearly had probable cause to proceed against Plaintiff on both the weapon and marijuana charges, as they recovered a large quantity of marijuana and a handgun from his apartment. Although Plaintiff contends that Defendants conspired to falsely state that Defendant Johnson, and not the NYPD Defendants, conducted the search which led to the recovery of this contraband, that is irrelevant to whether there was probable cause to prosecute Plaintiff. Based on what was found in Plaintiff's apartment, there can be no plausible claim that Defendants acted with malice in prosecuting Plaintiff for possession of marijuana.

Thus, it would be futile for Plaintiff to assert a malicious prosecution claim that is based on his June 18, 2009 arrest.

### 3. Illegal Search

Plaintiff contends that Parole Officer Johnson and/or the NYPD Defendants illegally searched his apartment without a warrant on June 18, 2009. The only argument advanced by Defendants in opposing this claim is that because Plaintiff was convicted of

criminal possession of a weapon, the claim is barred under <u>Heck v. Humphrey</u>. (<u>See</u> Defs.' Opp. at 3.) This argument is misplaced.

The Supreme Court has rejected the argument that a guilty plea or conviction has any bearing on the legality of the underlying search. <u>See</u> <u>Heck</u>, 512 U.S. at 487 n.7 ("[A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction."); <u>Haring v. Prosise</u>, 462 U.S. 306, 318, 103 S. Ct. 2368 (1983); <u>see also</u> <u>Zarro v. United States</u>, 274 Fed. App'x 31, 2008 WL 1790431, at *2 (2d Cir. 2008); <u>United States v. Gregg</u>, 463 F.3d 160, 165 (2006) (holding that when a defendant is convicted on the basis of a guilty plea, the validity of the conviction is unaffected by subsequent Fourth Amendment claims (citing <u>Tollett v. Henderson</u>, 411 U.S. 258, 93 S. Ct. 1602 (1973))).

Accordingly, Plaintiff may amend the Complaint to assert an unlawful search claim, arising out of the 2009 incident, against Defendants Johnson, Diaz, Trapani, Davodian, and Rivera.[3]

---

[3] Although Plaintiff may proceed on this claim, he faces significant hurdles to overcome, as he was on parole and, as a parolee, his legitimate expectations of privacy in his apartment are substantially reduced. <u>See</u> <u>Samson v. California</u>, 547 U.S. 843, 126 S. Ct. 2193 (2006).

## B. The Addition of Plaintiffs Franco, Velez, and Seda

Motions to amend a complaint to add new plaintiffs must comply with Rule 20 of the Federal Rules of Civil Procedure, which provides that "[p]ersons may join . . . if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1); see also Abraham v. Volkswagen, 795 F.2d 238, 251 (2d Cir. 1986); Kehr v. Yamaha Motor Corp., 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008).

It is difficult to discern from the Amended Complaint what claims are being asserted by each of the proposed new Plaintiffs. Construing the Amended Complaint liberally, however, the only plausible claim that is shared with Plaintiff Rodriguez is Plaintiffs Velez and Seda's potential Fourth Amendment claims arising from the apartment search on June 18, 2009. Velez and Seda, but not Franco, list 101 Post Avenue, Apartment 4A as their residence. (See Prop. Am. Compl. at 17.) Velez and Seda's illegal search claims, therefore, would qualify for joinder under Rule 20 because these claims are clearly "logically related" to Plaintiff Rodriguez's Fourth Amendment claim, and it is likely that common

14

issues of law or fact will arise.[4]

Defendants correctly note that the proposed Plaintiffs did not sign the Amended Complaint and have not secured in forma pauperis status from the Court. Plaintiff Rodriguez points out, however, that they did sign a sworn verification of the Amended Complaint and, given the opportunity, they will sign the Amended Complaint that is filed and will file applications to proceed in forma pauperis.

Plaintiffs Rodriguez, Velez, and Seda are hereby directed to amend the Complaint in accordance with the requirements of Rule 11(a), namely, each Plaintiff must sign the Complaint and state his or her address, email address, and telephone number. See Fed. R. Civ. P. 11(a). In addition, if they intend to proceed without paying Court filing fees and other costs, they must submit applications to the Court's Pro Se Office seeking leave to proceed in forma pauperis.

## III. Malicious Prosecution

The December 30, 2011 Order stated that Plaintiff's federal and state law tort claims of false arrest and property deprivation, which arose from incidents that occurred on April 25, 2007,

---

[4] Because Rodriguez does not have a plausible false arrest or malicious prosecution claim, there are no other common issues of fact or law with the other proposed Plaintiffs.

February 13, 2008, and October 22, 2008, remain as to Defendant
Officers Rodriguez, Cintron, and Bubb.   The District Court
dismissed Plaintiff's malicious prosecution claims against the NYPD
Defendants on the grounds that Plaintiff did not meet the Twombly
and Iqbal standards for the minimum threshold of plausibility in
his pleading. (See Dec. 30 Order at 9.)   Here, Plaintiff has
omitted his state law claims, referring only to his rights under
the United States Constitution, but he seeks to reassert his claims
of malicious prosecution, which were dismissed by the December 30
Order.

Defendants mistakenly argue that, as a result of the December
30 Order, Plaintiff is barred by res judicata from re-asserting his
claims of malicious prosecution. (See Defs.' Opp. at 2.)
Defendants ignore that fact that after the Court issued its
December 30 Order, Plaintiff was granted leave to amend his
Complaint with additional facts and parties.   In an Order dated
March 26, 2011, the District Court specifically advised Plaintiff
to file a Proposed Amended Complaint, with the warning that, "[i]f
Plaintiff fails to file a Proposed Amended Complaint by May 9, 2011
then this matter will proceed with only the remaining claims listed
in the December 30, 2010 order." (Mar. 26 Order at 2.)   The
December 30 Order, in other words, did not preclude the possible
amendment of the failed malicious prosecution claims.   The Court

16

will therefore address the viability of the amended malicious prosecution claims.

To reiterate, the state law elements of malicious prosecution are "(1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in the plaintiff's favor." Rohman, 215 F.3d at 215. In addition, in § 1983 claims for malicious prosecution, Plaintiff must show that there was "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." Id.; see also Manganiello v. City of New York, 612 F.3d 149, 160-61 (2d Cir. 2010); Cameron v. City of New York, 598 F.3d 50, 63 (2d Cir. 2010).

For the reasons stated below, the Court finds that Plaintiff has stated a plausible claim for the incidents arising on February 13, 2008 and on October 22, 2008. However, Plaintiff has not stated a plausible claim arising from the April 25, 2007 incident, and he may not, therefore, proceed on that claim.

## A. **April 25, 2007 Incident**

With respect to the April 25, 2007 incident, Plaintiff merely contends that ADAs Bromberg and Teipel commenced and continued prosecuting Plaintiff without probable cause and "falsely informed the court that the People . . . were ready for trial . . ."

17

(Proposed Am. Compl. ¶ 15.)   The latter statement, even if false, has no bearing on whether Plaintiff was maliciously prosecuted. The only change in Plaintiff's Proposed Amended Complaint, from the original Complaint, is that he asserts that the prosecution was without probable cause and the case was dismissed in Plaintiff's favor. (See id.)   Plaintiff is, therefore, merely reciting the elements of a claim of malicious prosecution without making the claim factually more plausible than it was in the original Complaint.[5]

**B. February 13, 2008 Incident**

With respect to the February 13, 2008 arrest for criminal sale of marijuana, the Court is satisfied that Plaintiff has alleged a claim that is plausible on its face.   Plaintiff contends that he was approached by an unknown undercover officer and asked where he could find "Al." (See id. ¶ 18.)   After Plaintiff directed the unknown officer to the building complex in which Al resided,

---

[5] It does not appear that Plaintiff is asserting a malicious prosecution claim against Detective Bubb.   If he is, the Amended Complaint fails to add any additional facts that suggest that Bubb acted maliciously and without probable cause to arrest Plaintiff. The misdemeanor complaint filed by Bubb, charging Plaintiff with assault in the third degree, states that he was advised by the victim that Plaintiff struck him repeatedly, and that the victim suffered a ruptured ear drum, a bruised and swollen eye, a broken orbital bone and substantial pain.   Although Plaintiff contends that he was acting in self defense, in light of the complainant's injuries, there can be no plausible claim that Bubb acted maliciously in arresting Plaintiff.

Plaintiff claims that he walked the other way and, without further incident, was apprehended by several officers. (See id. ¶ 20.)

Plaintiff argues that a prosecution was initiated against him by Defendant ADA Berry. (See id. ¶ 25.) According to the criminal complaint filed against Plaintiff, it was alleged that he was observed receiving two clear plastic ziplock bags of marijuana, which he then handed to the undercover officer. (See id., Ex. C.) Plaintiff claims, however, that Defendants lacked probable cause to believe the prosecution for the underlying charge would succeed, and that, in fact, Defendants created false charges in order to secure Plaintiff's imprisonment for parole violations. (See id. ¶ 26.) Plaintiff further contends that the prosecution was terminated in his favor for a lack of probable cause on November 13, 2008 (see id. ¶ 29), which, in addition to Plaintiff's other claims, would allow for an inference of malice. See Manganiello, 612 F.3d at 163 (noting that courts may infer malice where there was no probable cause). Finally, Plaintiff's liberty was restrained post-arraignment in that he was detained from February 13, 2008 until June 9, 2008. (See Proposed Am. Compl. ¶ 30.)

The Court, therefore, concludes that Plaintiff has stated a claim for malicious prosecution arising from the February 13, 2008 incident, with one caveat. Though Plaintiff claims that Defendant Cintron falsely accused Plaintiff regarding this incident, in fact,

19

Defendant Cintron was not present during the events in issue and merely reported the accusations as they were reported to him by Undercover Officer #14233. (See id., Ex. C.) The Court, therefore, finds that Plaintiff has not asserted a plausible claim of malicious prosecution against Defendant Cintron.

### C. October 22, 2008 Incident

The Court is similarly satisfied that Plaintiff has stated a malicious prosecution claim arising from the October 22, 2008 incident.   Plaintiff states that a prosecution was initiated against him for criminal trespass by Defendant Rodriguez and Defendant Bromberg. (See id. ¶¶ 36-37.)   Plaintiff argues that Defendants did not have probable cause to believe the prosecution would succeed in that Plaintiff was an invited guest and, further, that he lived within the building complex. (See id. ¶ 34.) Further, the charges were ultimately terminated in Plaintiff's favor on December 7, 2009 (see id. ¶ 38), and because the charge was dismissed for a lack of probable cause, a fact-finder could infer malice. See Manganiello, 612 F.3d at 163.   Finally, while Plaintiff was released on his own recognizance after his arraignment on October 23, 2008 (see Prop. Am. Compl., Ex. J), at this stage, the Court is satisfied that Plaintiff alleges a sufficient post-arraignment liberty restraint because he was required to return to court multiple times to answer for this

20

charge. See Rohman, 215 F.3d at 215-16 (finding that Plaintiff sufficiently pled a post-arraignment restraint in that he was required to return to court five times to answer the charge). Plaintiff may, therefore, amend the Complaint to assert a malicious prosecution claim arising from the October 22, 2008 incident.

## IV. DA Defendants Bromberg, Teipel, and Berry

The District Court dismissed all claims against DA Defendants Bromberg, Teipel, and Berry in the December 30 Order. (See Dec. 30 Order at 12-14.) Plaintiff has reasserted his claims against the DA Defendants in his Proposed Amended Complaint, (see Prop. Am. Compl. ¶ 6.), but Plaintiff provides no additional arguments or facts that would undermine the December 30 Order and subsequent dismissal of the DA Defendants from this action.

In the December 30 Order, the malicious prosecution claims against the DA Defendants were dismissed because Plaintiff failed to plead any facts tending to suggest that the DA Defendants wrongfully prosecuted the charges against Plaintiff. (See Dec. 30 Order at 12.) The Proposed Amended Complaint does not remedy that defect.

In addition, the DA Defendants are entitled to absolute prosecutorial immunity with respect to the malicious prosecution claims. "It is . . . well established that 'a state prosecuting attorney who acted within the scope of his duties in initiating and

21

pursuing a criminal prosecution . . . is immune from a civil suit for damages under § 1983.'" Imbler v. Pachtman, 424 U.S. 409, 410, 431, 96 S. Ct. 984 (1976).  "[B]ecause the initiation and pursuit of a criminal prosecution are quintessential prosecutorial functions, the prosecutor has absolute immunity for the initiation and conduct of a prosecution unless [he] proceeds in the clear absence of all jurisdiction." Shmueli v. City of New York, 424 F.3d 231, 237 (2d Cir. 2005) (quoting Barr v. Abrams, 810 F.3d 358, 361 (2d Cir. 1987))(internal quotations and citations omitted).

Here, the DA Defendants are not accused of acting outside the bounds of the "quintessential prosecutorial functions" of initiating and pursuing a criminal prosecution. (See Prop. Am. Compl. ¶¶ 15, 25, 29, 37.)  Because the DA Defendants enjoy absolute immunity from Plaintiff's malicious prosecution claims, it would be futile to allow him to proceed against them.  Accordingly, Plaintiff may not amend the Complaint to pursue claims against the DA Defendants.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to amend the Complaint is granted to the extent that he seeks to 1) assert an illegal search claim based on the June 18, 2009 incident against Defendants Johnson, Diaz, Davodian, Trapani, and Rivera; 2) add Plaintiffs Velez and Seda with respect to the search claim; and 3)

22

assert malicious prosecution claims against the NYPD Defendants based on the arrests of April 13, 2008 and October 22, 2008. Plaintiff's federal claims of false arrest and property deprivation from the April 25, 2007, February 13, 2008, and October 22, 2008 incidents still remain as against Defendants Bubb and Rodriguez.

* * *

The remaining Plaintiffs shall promptly file the Amended Complaint with all required signatures and information, and must effect service of the Amended Complaint on any newly added Defendants by December 24, 2011.

Defendants' counsel shall advise the Court and Plaintiffs of whether they will accept service on behalf of the Jane Doe Defendant, Shield #14233.


SO ORDERED.


_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated:    October 24, 2011
          New York, New York