USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 1 24 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—————————————————————————————x
CARLOS RODRIGUEZ;
LISBETH FRANCO;
DORIS VELEZ;
MICHELLE SEDA,

     Plaintiffs,

  - against -

PATRICK BUBB, Sheild #056661,
Police Detective;
CECILIO CINTRON, Sheild #03788,
Police Detective;
JANE DOE, Sheild #14233,
Police Detective;
ERIK RODRIGUEZ, Sheild #25962,
Police Detective;
OSCAR DIAZ, Sheild #3012,
Police Detective;
OHMEED DAVODIAN, Sheild #14091,
Police Detective;
PAUL TRAPANI, Sheild #5132,
Police Detective; Sergeant;
FRANK RIVERA, Sheild #Unknown,
Police Detective; Lt.;
RACHELD BROMBERG, Assistant
District Attorney;

10 Civ. 891
(BSJ) (THK)

FIRST AMENDED
COMPLAINT

JURY TRIAL DEMANDED



RECEIVED
JAN 24 2012
PRO SE OFFICE

EVE TEIPEL, Assistant District
Attorney;
ALBERT BERRY III, Assistant
District Attorney;
BEVERLY JOHNSON, Sheild #1635,
Parole Officer,

_____ Defendants. _____ x

## I. Jurisdiction and Venue

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiffs' seek declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202.

2. The Southern District Court is an appropriate venue under 28 U.S.C. Section 1391 (b) (2) because it is where the events giving rise to this claim occurred.

## II. Plaintiffs

3. Plaintiffs' Carlos Rodriguez; Lisbeth Franco; Doris Velez; and Michelle Seda, were at all times mentioned herein residents of the County and State of New York.

4. Plaintiff, Carlos Rodriguez, however, is currently in the custody of the New York State Department of Corrections. He is currently confined in the Five Points Correctional Facility, in the Seneca County, State of New York.

## III. Defendants

5. Defendants Patrick Bubb; Cecilio Cintron; Jane Doe; Erick Rodriguez; Oscar Diaz; Ohmeed Davoolian; Paul Trapani; and Frankie Rivera, were all assigned to the 34th Precinct, located at 4295 Broadway, County and State of New York, 10033.

6. Defendants Rachel Bromberg; Eve Teipel; and Albert Berry III, were all assigned to the Manhattan District Attorney's Office, located at One Hogan Place, County and State of New York, 10013.

-3-

7. Defendant Beverly Johnson, was assigned to the Parole Division, Manhattan III, located at 314 West 40th Street, County and State of New York, 10018.

8. Each defendant is sued individually and in their official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

## IV. Facts

### First Incident, April 25, 2007.

9. On April 25, 2007, while at 109 Post Avenue, County and State of New York, a physical altercation occurred between Hedney Bailon and Angela Cabrera.

10. Plaintiff Rodriguez, attempted to defuse the altercation, at which point Hedney Bailon attempted to strike Plaintiff Rodriguez and Plaintiff defended himself.

11. Defendant Bubb, knowing Plaintiff was on parole, arrested Plaintiff and charged him with a criminal offense.

-4-

12. Upon information and belief, Defendant Bubb was provided with statements from Angela Cabrera and Pedro, indicating that Plaintiff Rodriguez was defending himself when Hedney Bailon attempted to strike Plaintiff.

13. Defendant Bubb filed a criminal complaint against Plaintiff Rodriguez, on May 7, 2007, charging him with Assault in the 3rd degree, in violation of Penal Law, Section 120.00(1), which commenced a criminal action against plaintiff Rodriguez. See "Exhibit A."

14. Plaintiff Rodriguez posted bail in the amount of $1,500, on or about May 8, 2007.

15. Defendants' Bromberg and Teipel commenced and continued prosecuting Plaintiff Rodriguez for about 2 years, without probable cause, and falsley informed the court that the People, represented by Defendants Bromberg and Teipel, were ready for trial, yet offering Plaintiff 1 year in jail.

16. The criminal charges were dismissed, after 2 years, for failure to provide a speedy trial, and was then sealed upon termination in

favor of Plaintiff Rodriguez, pursuant to Criminal Procedure law, Section 160.50. See "Exhibit B."

## Second Incident February 13, 2008.

17. On February 13, 2008, Plaintiff Rodriguez, was on his way to visit his mother, Doris Velez, at the Presbyterian Hospital, when he was approached by Defendant Doe, whom upon information and belief in an undercover police detective.

18. Defendant Doe asked Plaintiff Rodriguez for "Al." Plaintiff informed Defendant Doe that Al should be in building 107 Post Avenue.

19. Defendant Doe asked for the location of 107 at which point Plaintiff walked Defendant to the middle of the building complex and pointed towards building 107. Plaintiff, then, began to walk towards the trainstation at 207 Post Avenue, County and State of New York.

20. When Plaintiff Rodriguez reached the corner of 207 Post Avenue he was apprehended by several detectives and held against his will. After about 15 to 20 minutes Plaintiff was

searched and handcuffed; At this time $338 dollars were confiscated from Plaintiff.

21. Defendant Centron filed a criminal complaint, falsely accusing Plaintiff of criminal sale of marijuana to an undercover detective. See "Exhibit C."

22. Plaintiff was held on $3,000.00 bail.

23. Defendant Doe falsely admitted, by a Supporting Deposition, that the contents in the criminal complaint, filed against Plaintiff Rodriguez, were true. See "Exhibit D."

24. Upon information and belief, a second Supporting Deposition, with Defendant's Doe shield #14233, seems to have been illegally forged. See "Exhibit E."

25. Defendant Berry III began prosecuting Plaintiff for criminal sale of marijuana in the 4th degree, without probable cause, and falsely informed Plaintiff's attorney, as well as the court, that the People, represented by Defendant Berry III, were ready for trial on February 25, 2008. See "Exhibit F."

26. Defendant Cintron notified Plaintiff's Parole officer, Defendant Johnson, falsely informing Defendant Johnson that Plaintiff sold marijuana to an undercover detective, for the sole purpose of gaining a parole violation against Plaintiff and to further secure Plaintiff's imprisonment.

27. As a result of Defendant Cintron's false accusations, Defendant Johnson filed a parole violation warrant #444878 against Plaintiff in assisting Defendant Cintron "secure Plaintiff's imprisonment. See "Exhibit G."

28. However, the parole violation warrant was later uplifted for lack of probable cause, on or around June 3, 2008.

29. Defendant Berry III continued to maliciously prosecute Plaintiff Rodriguez until the case was dismissed for lack of probable cause, on November 13, 2008, and was then sealed upon termination of criminal action in favor of Plaintiff, pursuant to Criminal Procedure law, Section 160.50. See "Exhibit H."

30. As a result of Defendants Cintron and Doe's false accusations, false arrests, and the assistance

of Defendant Johnson in filing a parole violation warrant against Plaintiff Rodriguez, Plaintiff Rodriguez was illegally detained at the Rikers Island Correctional Facility from February 13, 2008, to June 9, 2008, when Plaintiff was then bailed out on $3,000.⁰⁰ bond.

Third Incident, October 22, 2008.

31. On October 22, 2008, Plaintiff was at a friends apartment, located at 105 Post Avenue #1A, County and State of New York.

32. When Plaintiff walked out of the apartment and down the steps an individual was running pass him because the police were after him.

33. Defendant Rodriguez and an unidentified detective stopped Plaintiff and asked Plaintiff what Plaintiff was doing inside the building.

34. Plaintiff Rodriguez informed Defendant Rodriguez and the unidentified detective that Plaintiff was at a friends apartment. Plaintiff also informed Defendant Rodriguez that he lived within the building complex and provided his identification.

- 9 -

35. The unidentified detective asked Plaintiff why was the individual running from them. Plaintiff responded by stating that he did not know why. At this point Defendant Rodriguez illegally searched Plaintiff, arrested Plaintiff without probable cause, and informed Plaintiff to take it up with the individual who ran when Plaintiff is released.

36. Defendant Rodriguez filed a criminal complaint against Plaintiff Rodriguez, falsely accusing Plaintiff was criminal trespass in the 2nd degree, in violation of Penal Law, Section 140.15. See "Exhibit I."

37. Defendant Bromberg maliciously continued with this prosecution, after informing Plaintiff's Parole Officer, Defendant Johnson, that there was no merits. See "Exhibit J."

38. The criminal charges were dismissed for lack of probable cause on December 9, 2009, and was then sealed upon termination in favor of Plaintiff, pursuant to Criminal Procedure Law, Section 160.50. See "Exhibit K."

## Fourth Incident, June 18, 2009

39. On June 18, 2009, Plaintiffs' Rodriguez, Franco, Velez, and Seda, were inside the residence 101 Post Avenue, #4A, County and State of New York.

40. On or around 9:35 p.m. Defendant Johnson and Parole Officer Pitchardo Knocked on Plaintiff Rodriguez's door.

41. Plaintiff Rodriguez allowed Defendant Johnson and Parole Officer Pitchardo to come into the apartment, at which point Defendant Johnson asked to see Plaintiff Rodriguez's bedroom.

42. Plaintiff Rodriguez lead Defendant Johnson to his room, which was at the back of the apartment. At this time Plaintiff Franco exited the apartment.

43. After Defendant Johnson viewed Plaintiff's bedroom she, along with Parole Officer Pitchardo exited the apartment.

44. At this point Defendants Davodian, Trapani, Rivera, and other unidentified police detectives barged into the apartment.

45. Plaintiff Rodriguez requested to see a search warrant.

46. Defendant Davodian stated that they do not need a search warrant and demanded to see Plaintiff Rodriguez's bedroom.

47. Defendant's Davodian, Trapani, and Rivera ordered Plaintiffs Velez and Seda not to move, and not to accept or make any phone calls.

48. Defendant Davodian asked Plaintiff Rodriguez if Defendants Davodian, Trapani, Rivera, and other detectives were going to find contraband in Plaintiffs Rodriguez room.

49. Plaintiff Rodriguez showed them 1 small bottle of steroids and multiple syringes, informed them that there were no other contraband in the room, and requested a search warrant.

50. Plaintiff was removed from his bedroom, at which point the detectives began to illegally search his room, hallway, hallway closets, and bathroom.

51. As a result of this illegal search, a large quantity of marijuana, United States Currency, drug paraphernalia, and a 45 Automatic hand gun were recovered from inside the bathroom, and Plaintiff Rodriguez, who was currently on Parole supervision, was arrested.

52. Plaintiff Rodriguez was removed from the apartment, detained in the hallway, while Defendants Davodian, Trapani, Rivera, and other detectives continued their illegal search of the entire apartment.

53. While Plaintiff Rodriguez was being escorted down to the detectives vehicle Plaintiff Rodriguez saw Plaintiff Franco being detained.

54. Defendant Diaz escorted both Plaintiff Rodriguez and Franco to the 34th Precinct, in the County and State of New York.

55. Upon information and belief, Plaintiff Velez and Seda were removed from Plaintiff Velez's apartment and was told to find somewhere else to sleep.

56. Defendant Diaz filed a criminal complaint

against Plaintiff Rodriguez and Franco, charging both Plaintiffs with Criminal Possession of a Weapon in the 2nd degree and Criminal Possession of Marijuana in the 2nd degree. See "Exhibit L."

57. Defendants Diaz and Johnson fabricated the criminal complaint by stating that Defendant Johnson conducted the search and observed both Plaintiff Rodriguez and Franco inside the bathroom.

58. Defendants Diaz, Johnson, and Davodian all conspired, with one another, in order to conceal Defendants Davodian, Trapani, Rivera and other detectives illegal search of Plaintiffs Rodriguez and Velez apartment.

59. Defendant Johnson falsely stated that Plaintiff Rodriguez removed 2 large knives from his dresser drawers and handed them to Defendant Johnson, when she was inside the apartment.

60. The 2 large knives were illegally removed from a Religious Statute, which is located in the apartment front entrance

-14-

hallway: See "Exhibit M."

61. The criminal charges of Criminal possession of a Weapon in the 2nd degree and Criminal possession of Marijuana in the 2nd degree were dismissed, for lack of probable cause, against Plaintiff Franco on or about January of 2010.

## V. Legal Claims

62. Plaintiffs' reallege and incorporate by reference paragraphs 1 through 61.

63. The false arrest, false imprisonment, malicious prosecution and illegal, and or unreasonable searches and seizures violated Plaintiffs' rights and constituted a due process violation under the 4th and 14th Amendment to the United States Constitution.

64. The Plaintiffs' have no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiffs have been and will continue to be irreparably injured by the conduct of the defendants

unless this court grants the declaratory relief which plaintiffs' seek.

## VI. Prayer for Relief

WHEREFORE, plaintiff respectfully prays that this court enter judgment granting plaintiffs:

65. A declaratory that the acts and omissions described herein violated plaintiffs' rights under the Constitution and laws of the United States.

66. Compensatory damages in an amount to be determined at trial, against each defendant, jointly and severally.

67. Punitive damages in an amount to be determined at trial, against the individual defendants.

68. A jury trial on all issues triable by jury.

69. Plaintiffs' costs in this suit.

70. Any additional relief this court deems just, proper, and equitable.

-16-

Dated: April 24, 2011
    Seneca, N.Y.

Respectfully submitted,

Carlos Rodriguez, #10 A4342
Five Points Corr. Facility
State Route 96, P.O. Box 119
Romulus, N.Y. 14541

Lisbeth Franco
1 Post Avenue #24
New York, N.Y. 10034

Doris Velez

Doris Velez  (212) 942-4929
101 Post Avenue #4A
New York, N.Y. 10034

Michelle Seda

Michelle Seda
101 Post Avenue #4A
New York, N.Y. 10034
(212) 942-4929

## Verification

We, the Plaintiffs', have read the forgoing complaint and hereby verify that the matters alleged on information and belief, and, as to those, We believe them to be true. We certify under penalty of perjury that the forgoing is true and correct.

Executed at Seneca, N.Y. on April 24, 2011 and New York, N.Y. on 5/2/11, 2011.

Carlos Rodriguez # 10A4342

Sworn to before me
this 26 day of April, 2011.

Notary Public
ANTHONY REISH, JR.
Notary Public, State of New York
Ontario Co. Reg. 01RE6216973
Commission Expires 2/1/2014

Lisbeth Franco

Doris Velez

Michelle Seda

Sworn to before me
this day of May, 2011

Notary Public
SILVIA VIZCAINO
Notary Public, State of New York
No. 01VI4998696
Qualified in New York County
Commission Expires

-18-

# Exhibit A

NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK    MISDEMEANOR
-against-

1. Carlos Rodriguez (M 34)

757487

Defendant.

2007NY035484

Detective Patrick Bubb, shield 05661 of the 034 Detective Squad, states as follows:

On April 25, 2007, at about 17:30 hours at 109 Post Avenue in the County and State of New York, the Defendant committed the offenses of:

1.    PL120.00(1)    Assault in the Third Degree
                     (1 count)

the defendant, with intent to cause physical injury to another person, caused such injury to another person.

The offenses were committed under the following circumstances:

Deponent states that deponent is informed by Hedny Bailon, of an address know to the District Attorney's Office, that informant observed the defendant strike informant repeatedly about the face with a closed fist, causing informant to suffer (i) a ruptured ear drum, (ii) a bruised and swollen eye, (iii) a broken orbital (eye) bone, and (iv) substantial pain

False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.

DT. P. m. suw              3/7/07   2355
Deponent                   Date and Time

ACT 5 Version 4.3.0 Created on 05/07/0 ? 11:41 PM

| | | | YES | |
|---|---|---|---|---|
| 2 | months, grandparent, or legal guardian? | | YES | 1 |
| 3 | Does the defendant have a working telephone in residence/cell phone? | | YES | 0 |
| 4 | Does the defendant report a NYC area address? | | YES | 1 |
| 5 | Is the defendant employed, or in school or training program, full time? | | YES | 1 |

# Exhibit B

May 08, 2007
**Initial Report Of Docket Number**

October 02, 2009
**Dismissed, Failure To Provide Speedy Trial CPL30.30**
— Assault 3rd Degree: With Intent To Cause Physical Injury
    PL 120.00  Sub 01     Class A  Misdemeanor    NCIC 1399

June 25, 2010
**Sealed Upon Termination Of Criminal Action In Favor Of The Accused CPL160.50**

---

**Interim release Status:** Released on own recognizance (ROR)

---

## ⬇ Cycle 6 ⬆
### * Cycle may not be supported by fingerprints

**Arrest/Charge Information**
Arrest Date: October 03, 2006 06:05 pm (18:05:00)

| | |
|---|---|
| **Fax Number** | M64088 |
| **Place of Arrest:** | NYCPD 34 |
| **Arrest Type:** | Unknown |
| **Date of Crime:** | October 03, 2006 |
| **Place of Crime:** | New York County, NY |
| **Criminal Justice Tracking No.:** | 58415360P |
| **Arresting Agency:** | NYCPD PCT 034 |
| **Arresting Officer ID:** | 905198 |
| **Arrest Number:** | M06678201 |

**Arrest Charges:**
— Act In Manner Injure Child Less Than 17
    PL 260.10  Sub 01    Class A  Misdemeanor Degree 0   NCIC 3801

— Criminal Sale Marijuana-4th Degree
    PL 221.40    Class A  Misdemeanor Degree 4  NCIC 3560

## Court Case Information
— **Court:** New York County Criminal Court  **Case Number:** 2006NY067173

October 04, 2006
**Arraigned**
— Criminal Sale Marijuana-4th Degree
    PL 221.40  Class A  Misdemeanor  NCIC 3560

October 04, 2006
**Initial Report Of Docket Number**

May 17, 2007
**Dismissed, Failure To Provide Speedy Trial CPL30.30**
— Criminal Sale Marijuana-4th Degree
    PL 221.40   Class A  Misdemeanor  NCIC 3560

May 17, 2007
**Not Arraigned**
— Act In Manner Injure Child Less Than 17
    PL 260.10  Sub 01 · Class A  Misdemeanor NCIC 3801

# Exhibit C

### CRIMINAL COURT OF THE CITY OF NEW YORK
### COUNTY OF NEW YORK

Page 1 of 2

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK<br>-against-<br><br>1. Carlos Rodriguez (M 35)<br>2. Irvis Ferrera (M 18)   844698<br><br><div align="right">Defendants.</div> | MISDEMEANOR<br>ADA BERRY<br>212-335-9101 |



Detective Cecilio Cintron, shield 03788 of the Narcotic Boro Manhattan North, states as follows:

On February 13, 2008, at about 16:35 hours inside 107 Post Avenue in the County and State of New York, the Defendants committed the offenses of:

1.   PL.221.40    Criminal Sale of Marijuana in the Fourth Degree
                  (defendant #1: 1 count)
                  (defendant #2: 1 count)

the defendants knowingly and unlawfully sold marijuana for consideration.

The offenses were committed under the following circumstances:

Deponent states that deponent is informed by U/C 14233 that informant approached defendant Rodriguez (aka JD Jay) and asked for marijuana. Defendant Rodriguez then informed U/C 14233 to hand the United States Currency to defendant Ferrera.

Deponent further states that deponent is informed by informant that informant observed defendant Ferrera hand the above referenced United States Currency to an unapprehended individual and said individual handed defendant Rodriguez two (2) clear plastic ziplock bags of marijuana.

Deponent further states that deponent is informed by informant that informant observed defendant Rodriguez hand informant the aforementioned two (2) clear plastic ziplock bags of marijuana.

Deponent further states that deponent is informed by  informant that the above-described substance is in fact what it is alleged to be based upon information and belief, the source of which is as follows: informant's professional training as a police officer in the identification of drugs, informant's prior experience as a police officer in drug arrests, observation of the

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

Page 2 of 2

THE PEOPLE OF THE STATE OF NEW YORK
-against-

1. Carlos Rodriguez (M 35)
2. Irvis Ferrera (M 18)

844698

Defendants.

MISDEMEANOR
ADA BERRY
212-335-9101

packaging which is characteristic of this type of drug and a field test of substance which confirmed that the substance is in fact what it is alleged to be.

False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.

_____
Deponent

2/14/08
12:05 HRS
Date and Time

ACT 5 Version 4.2.9 Created on 02/14/08 11:41 AM

# Exhibit D

THE PEOPLE OF THE STATE OF NEW YORK

vs.

CARLOS RODRIGUEZ,
IRVIS FERRERA

                                    Defendants

SUPPORTING DEPOSITION
100.20 C.P.L.

Docket No         2008NY012100,
                  2008NY012101

Adjourned Date    2/19/2008

I, U/C. Shield 14233, of an address known to the New York County District Attorney's Office, have read the attached criminal complaint. The facts in this complaint that are attributed to me are true, and I know these facts from my personal knowledge.

False statements made herein are punishable as a Class A misdemeanor pursuant to section 210.45 of the penal law.

_____        2/17/08
Signature                      Date

faxed
2/18/08 @ 14

# Exhibit E

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: PART SA

THE PEOPLE OF THE STATE OF NEW YORK

-against-

CARLOS RODRIGUEZ,

              Defendant.

SUPPORTING DEPOSITION
C.P.L. § 100.20

Docket No. 2008NY012100

STATE OF NEW YORK    )
                    ) ss:
COUNTY OF NEW YORK )

    I, U/C 14233, shield number 14233, County of New York, State of New York, being duly sworn, depose and say:

    that I have read the Accusatory Instrument filed in the above-entitled action and attached hereto and that the facts therein stated to be on information furnished by me are true upon my personal knowledge.

*False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.*

UC # 14233    2/19/08
  Signature (Deponent)    Date

# Exhibit F

**DISTRICT ATTORNEY**

OF THE

**COUNTY OF NEW YORK**
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000



**ROBERT M. MORGENTHAU**
DISTRICT ATTORNEY

February 25, 2008

BARRY WEINSTEIN
888 GRAND CONCOURSE
BRONX, NY 10451

Re: People v. CARLOS RODRIGUEZ
Docket No. 2008NY012100

Dear Mr. WEINSTEIN:

I am the Assistant District Attorney in charge of the prosecution of the above referenced case.  Enclosed please find a corroborating affidavit and a certificate of readiness pertaining to this case.

If you have any questions, please feel free to contact me at (212) 335-9101.

Sincerely,

Albert Berry III
Assistant District Attorney
(212) 335-9101

*Adj Part SA*
*Adj Date: April 9,*
*2008*

*1 copy*

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: SA

THE PEOPLE OF THE STATE OF NEW YORK

-against-

CARLOS RODRIGUEZ,

Defendant.

CERTIFICATE OF
READINESS

Dkt. No.        2008NY012100

 

Albert Berry III, an Assistant District Attorney in the County of New York, hereby certifies that the People are ready for trial in the above-entitled action.

Dated:      New York, New York
            February 25, 2008

Respectfully submitted,

*Albert Berry III*
Albert Berry III
Assistant District Attorney
(212) 335-9101

2008 FEB 25 PM 3 00

N.Y.C. CRIMINAL
COURT

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: SA

THE PEOPLE OF THE STATE OF NEW YORK

-against-

CARLOS RODRIGUEZ,

                                    Defendant.

AFFIRMATION OF
SERVICE BY MAIL

Dkt. No.        2008NY012100

The undersigned, being the attorney of record for the People of the State of New York in this matter affirms under penalty of perjury that on February 25, 2008, he served a Certificate of Readiness upon defendant's attorney by mailing same to the attorney's designated address, which is 888 Grand Concourse, Bronx, New York, 10451.

Dated:     New York, New York
           February 25, 2008

_Albert Berry III_
Albert Berry III
Assistant District Attorney

# Exhibit G

FORM 4003 (6/82)

STATE OF NEW YORK -EXECUTIVE DEPARTMENT - DIVISION OF PAROLE

VIOLATION OF RELEASE REPORT

Warrant Issued _____X_____                    No Warrant Issued _____

| | | | |
|---|---|---|---|
| **Name:** | Rodriguez, Carlos | **Date Released:** | 6-28-05 |
| **NYSID NO:** | 6781307-K | **Max. Expiration:** | 2-28-2012 |
| **Institution:** | Sullivan C.F. | **Date of Warrant:** | 2-14-08 |
| **DIN NO:** | 93-A-6379 | **Warrant No:** | 444878 |
| **Date of Birth:** | 9-1-72 | **Date Enforced:** | 2-14-08 |
| **Offense:** | 1)Manslaughter 1 | **Location:** | |
| | 2)Crim. Use Firearm 1 | | Manh. Hse Det. |
| **Sentence:** | 1)6-8-0/20-0-0 | **PVU No:** | |
| | 2)10-0-0/20-0-0 | | |

**Delinquency Date:** 2-13-08

Since his/her release, the above named individual has violated the Conditions of Release in the
Following manner:

Charge # 1:      Carlos Rodriguez violated Rule #8 of the Rules governing Parole in that on
2-13-08 at approximately 4:40 PM, at Post Avenue and 207th Street in
NYC, he sold a quantity of marijuana to an undercover NYCPD officer in
exchange for U.S. currency ("pre-recorded buy money").

POSSIBLE WITNESSES
CECILIO CINTRON    NYCPD OFFICER

POSSIBLE EXHIBITS
NYCPD VOUCHERS
VIOLATION OF RELEASE REPORT
CERTIFICATE OF RELEASE TO PAROLE SUPERVISION

## PRESENT STATUS

On the 10-03-06 arrest, the case was scheduled in New York Criminal Court under docket # 2006NY067173, the case was dismissed and sealed on 5-17-07.

On the 5-7-07 arrest, the case is scheduled in New York Criminal Court on 2-25-08, in part B, under docket # 2007NY035484. The subject was out on $1,500 bail.

On the 2-13-08 arrest, the case is scheduled in New York Criminal Court on 4-9-08, in part SA, under docket # 2008012100.

On 2-14-08 Warrant # 444878 was issued. The subject was served with (1) one charge and given his 9011. A preliminary Hearing was scheduled for 2-25-08 and final hearing was scheduled for 3-6-08. The subject is presently in custody at

## WITNESSES
Police Officer Vincent Capitini

## APPROVED:

BEVERLY JOHNSON
PAROLE OFFICER

DATE: 2-25-08

CLIFFORD JONES
SENIOR PAROLE OFFICER

DATE: 2/25/08

PO B. JOHNSON
DD: 02-25-08
DR: 02-25-08

# Exhibit H

| | |
|---|---|
| Fax Number | M10579 |
| Place of Arrest: | NYCPD 34 |
| Arrest Type: | Unknown |
| Date of Crime: | February 13, 2008 |
| Place of Crime: | New York County, NY |
| Criminal Justice | |
|    Tracking No.: | 59828414R |
| Arresting Agency: | NYCPD PCT 034 |
| Arresting Officer ID: | 897195 |
| Arrest Number: | M08613623 |
| Arrest Charges: | |

-- Criminal Sale Marijuana-4th Degree
     PL 221.40    Class A  Misdemeanor Degree 4  NCIC 3560

## Court Case Information
— Court: New York County Criminal Court  Case Number: 2008NY012100

February 14, 2008
**Arraigned**
-- Criminal Sale Marijuana-4th Degree
     PL 221.40  Class A  Misdemeanor  NCIC 3560

February 14, 2008
**Initial Report Of Docket Number**

November 13, 2008
**Dismissed**
-- Criminal Sale Marijuana-4th Degree
     PL 221.40  Class A  Misdemeanor  NCIC 3560

January 13, 2009
**Sealed Upon Termination Of Criminal Action In Favor Of The Accused CPL160.50**

---

## ⬇ Cycle 7 ⬆
### * Cycle may not be supported by fingerprints

## Arrest/Charge Information
Arrest Date: May 07, 2007 09:00 pm (21:00:00)

| | |
|---|---|
| Fax Number | M32741 |
| Place of Arrest: | NYCPD 34 |
| Arrest Type: | Unknown |
| Date of Crime: | April 25, 2007 |
| Place of Crime: | NYCPD 34 |
| Criminal Justice | |
|    Tracking No.: | 59050036J |
| Arresting Agency: | NYCPD PCT 034 |
| Arresting Officer ID: | 902697 |
| Arrest Number: | M07640803 |
| Arrest Charges: | |

-- Assault 3rd Degree: With Intent To Cause Physical Injury
     PL 120.00 Sub 01    Class A  Misdemeanor Degree 3  NCIC 1399

## Court Case Information
— Court: New York County Criminal Court  Case Number: 2007NY035484

May 08, 2007
**Arraigned**
-- Assault 3rd Degree: With Intent To Cause Physical Injury
     PL 120.00 Sub 01    Class A  Misdemeanor   NCIC 1399

# Exhibit I

## CRIMINAL COURT OF THE CITY OF NEW YORK
### COUNTY OF NEW YORK

Page 1 of 1

THE PEOPLE OF THE STATE OF NEW YORK
-against-                                 MISDEMEANOR

1. Carlos Rodriguez (M 36)          ECAB #
                                    924523

                                    Defendant.

Police Officer Erik Rodriguez, shield 25962 of the 034 Precinct, states as follows:

On October 22, 2008, at about 15:20 hours inside of 105 Post Avenue in the County and State of New York, the Defendant committed the offenses of:

1.   PL140.15     Criminal Trespass in the 2nd Degree-DNA-Eligible MISD
                  (1 count)

the defendant knowingly entered and remained unlawfully in a dwelling.

The offenses were committed under the following circumstances:

Deponent states that while on patrol inside the above location, an apartment building where people reside, deponent observed the defendant inside the above and that said location is beyond a posted sign which read, "No Trespassing" and "Tenants and their Guests Only".

Deponent further states that defendant is not a tenant in that the defendant provided an address different from the above location and defendant is not an invited guest in that the defendant was unable to provide the identity of a resident of whom defendant was an invited guest.

Deponent determined that the defendant did not have permission or authority to be inside the dwelling based on information and belief the source of which is as follows: the above location is enrolled in the New York City Police Departemont Trespass Affidavit Program, and as such, individuals other than tenants of the above building and their invited guests do not have permission or authority to enter or remain inside said building.

**False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.**

_____          
Deponent                          Date and Time

ACT 5 Version 4.3.0 Created on 10/22/08 8:51 PM

**2008NY078786**

New York County

**The People of the State of New York**
vs.

**Defendant:**
1. CARLOS RODRIGUEZ (M 36)
   M08690386 10/22/2008 15:25
   101 POST AVE APT 4A
   MANHATTAN NY 10034

**Charges:** PL140.15

**Docket Number:** 2008NY078786

AR1 0410

*GL*

**MISDEMEANOR**

2.

3.

4.

Interpreter: Language _____

Screener: Roecker, Elise - Trial Bureau 80

**Notices Served at Arraignment:**
- [ ] CPL 710.30(1)(A) - Statement
- [ ] CPL 710.30(1)(B) - Identification
- [ ] CPL 250.20 - Alibi
- [ ] PL 450.10(48 hrs /15 days) - Property
- [ ] CPL 170.20 - Grand Jury.
- [ ] Cross Grand Jury
- [ ] OTHER: _____

**Documents:**
**Served at Arraignment:** | **Needed For Conversion**
- [ ] Supporting Deposition — [ ]
- [ ] DMV Abstract — [ ]
- [ ] Lab Report/ Field Test — [ ]
- [ ] DWI Paperwork — [ ]
- [ ] Domestic Incident Report
- [ ] Family Registry
- [ ] Underlying T.O.P. — [ ]

**Disposition:**
- [ ] ACD – CPL 170.55
- [ ] ACD – CPL 170.56
- [ ] Waives Prosecution by Information and Pleads Guilty to PL 240.20/
- [ ] Investigation & Sentenced Ordered
- [ ] DNA–Eligible Misdemeanor
- [ ] DNA Sample Taken

**Adjournment:**

Part: *A*   Date: *12-10-08*

**Bail Condition:**

_____, *ROR*   *Trial*

(Ins. Co. Bail Bond)      (Cash Bail)
- [ ] ART 730 Exam Ordered
- [ ] Protective Custody
- [ ] Medical Attention
- [ ] Psychiatric Evaluation
- [ ] Suicide Watch
- [x] Deemed an Information
  Defense Motions Due:
  *notice waived*
- [ ] T.O.P./ F.O.P.

**Sentence (or Promise):**

_____ days jail
Conditional Discharge:
_____ Days Community Service
_____ Days Jail Alternative
Other: _____
Mandatory Surcharge (and CVA):

- [ ] Judgment Entered – All Fees
- [ ] $200 Misd. [ ] $120 Viol. [ ] $80 VTL*
- [ ] $395 VTL1192 Misd.* [ ] $255 VTL1192(1) Infrac.*
**\*(For offenses on or after August 1, 2008)**
- [ ] $50 - DNA Fee

Arresting Officer
034 Precinct 25962 Erik Rodriguez

Court Reporter           Date           Part

**Judge** _____

AR1
10-23-08
HON. GERALD
CTEEP. BARN A

CRC 3195 (8/08)

# Exhibit J

Page 2
RODRIGUEZ, CARLOS
NYSID # 6781307K
DIN # 93 A 6379

## DRUG / ALCOHOL / REFERRALS

The Subject has no prior alcohol or drug use history. The subject was attending Fortune Society in 2006 for anger management but there is no indication whether the subject completed program.

## VIOLATIVE BEHAVIOR

On 10/22/08, the Subject was arrested by Police Officer Erik Rodriguez for Criminal Trespass 3rd Degree.

The subject stated that he was coming down the stairs after visiting a friend when a guy came running by him. The subject stated that the cop asked him who he was and he showed identification. The cop stated that since he could not get the other guy he was to be arrested. The subject stated that he was not doing anything at the time. The subject felt he was being harassed.

This writer spoke to ADA Bromberg who stated that this arrest is not strong and does not really hold any merit.

## ADJUSTMENT TO PAROLE SUPERVISION

The subject is making a marginal adjustment. The subject has had three arrests while under this writer's supervision. One of the arrests resulted in the Division issuing a warrant which was ultimately not sustained. Two of the arrests are still pending. The subject is unemployed but the subject remains drug free.

### Present Status

Time On Parole:   Years _____ Months _____ Days _____

Time Owed:        Years _____ Months _____ Days _____

On the 10/22/08 arrest, the case is scheduled in New York Criminal under docket # 2008NY078786, on 12/10/08, in part A. The subject was arraigned on 10/23/08 and Ror'd.

This writer spoke to ADA Bromberg who simply stated that the arrest did not have any merit. The Division will submit this case No Delinquency Pending Court Action. The subject continues to report to parole supervision.

_____ 11/20/08        _____ 11/20/08
Beverly Johnson,      Date          Darold Hayes           Date
Parole Officer                       Senior Parole Officer

B. Johnson
DD: 11/20/08
DR: 11/20/08
DT: 11/20/08

# Exhibit K

Conditional Release Date:   October 15, 2012
Admission Charges:
    — Criminal Possession Weapon-3rd Degree
        PL 265.02    Class D   Felony Degree 3   NCIC 5212

---

## ⬇ Cycle 9 ⬆
### * Cycle may not be supported by fingerprints

### Arrest/Charge Information
Arrest Date: October 22, 2008 03:25 pm (15:25:00)

    Fax Number              MP13408
    Place of Arrest:        NYCPD 34
    Arrest Type:           Unknown
    Date of Crime:         October 22, 2008
    Place of Crime:       New York County, NY
    Criminal Justice
      Tracking No.:        63238913H
    Arresting Agency:     NYCPD PCT 034
    Arresting Officer ID:   929066
    Arrest Number:      M08690386
    Arrest Charges:
        — Criminal Trespass-3rd Degree
            PL 140.10     Class B   Misdemeanor Degree 3   NCIC 5707

### Court Case Information
— Court: New York County Criminal Court  Case Number: 2008NY078786

    October 23, 2008
    **Arraigned**
      — Criminal Trespass-2nd Degree
        PL 140.15  Class A Misdemeanor NCIC 5707

    October 23, 2008
    **Initial Report Of Docket Number**



    December 07, 2009
    **Dismissed**
      — Criminal Trespass-2nd Degree
        PL 140.15  Class A Misdemeanor NCIC 5707

    December 07, 2009
    **Not Arraigned**
      — Criminal Trespass-3rd Degree
        PL 140.10  Class B Misdemeanor NCIC 5707



    January 07, 2010
    **Sealed Upon Termination Of Criminal Action In Favor Of The Accused CPL160.50**

---

**Interim release Status:** Released on own recognizance (ROR)

---

## ⬇ Cycle 8 ⬆
### * Cycle may not be supported by fingerprints

### Arrest/Charge Information
Arrest Date: February 13, 2008 04:40 pm (16:40:00)

# Exhibit M



CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

1. Carlos Rodriguez (M 36)
2. Lisbeth Franco (F 17)

ECAB #
1002910

Defendants.

FELONY
ADA LEVY
212-335-9160

Page 1 of 2

Police Officer Oscar Diaz, shield 03012 of the 034 Precinct, states as follows:

On June 18, 2009, at about 22:00 hours inside 101 Post Avenue Apartment 4A in the County and State of New York, the Defendants committed the offenses of:



1.   PL265.03(1)(b)      Criminal Possession of a Weapon in the Second Degree
                         (defendant #1: 1 count)
                         (defendant #2: 1 count)

2.   PL265.03(3)         Criminal Possession of a Weapon in the Second Degree
                         (defendant #1: 1 count)

3.   PL221.25            Criminal Possession of Marijuana in the Second Degree
                         (defendant #1: 1 count)
                         (defendant #2: 1 count)

the defendants possessed a loaded firearm with intent to use it unlawfully against another; the defendant Carlos Rodriguez(#1), having been previously convicted of a crime, possessed a loaded firearm; and the defendants knowingly and unlawfully possessed a substance containing marijuana and the preparations, compounds, mixtures and substances are of an aggregate weight of more than sixteen ounces.

The offenses were committed under the following circumstances:

Deponent states that deponent is informed by Parole Officer Beverly Johnson, of the New York State Division of Parole, that on the above date and time informant conducted a search of the above location. Deponent is further informed by informant that defendant Rodriguez provided the above location to the Division of Parole as defendant Rodriguez residence. Deponent is further informed by informant that informant observed both defendant's inside the above location.

Deponent further states that deponent is informed by Police Officer Ohmeed Davodian, shield # 14091 of the 34th Precinct, that informant recovered seventeen (17)

**2009NY048907**



# CRIMINAL COURT OF THE CITY OF NEW YORK
## COUNTY OF NEW YORK

Page 2 of 2

THE PEOPLE OF THE STATE OF NEW YORK
-against-

1. **Carlos Rodriguez (M 36)**
2. **Lisbeth Franco (F 17)**

ECAB #
1002910

Defendants.

FELONY
ADA LEVY
212-335-9160

zip lock bags containing marijuana and one hundred fifty three (153) glass vials containing marijuana from inside the above location. Deponent is further informed by officer Davodian that the above-described marijuana is of an aggregate weight of more than sixteen ounces.

Deponent further states that the above-described substance is in fact of the kind and quantity it is alleged to be based upon information and belief, the source of which is as follows: his professional training as a police officer in the identification of drugs, his prior experience as a police officer in drug arrests, the odor emanating from the substance, observation of the packaging which is characteristic of this type of drug and a field test of substance which confirmed that the substance is in fact what it is alleged to be.

Deponent is further informed by Officer Davodian that informant recovered a black .45 caliber handgun from inside a bathtub in the bathroom inside the above location. Deponent is further informed by Officer Davodian that the above-described hand gun was loaded with six bullets.

Deponent further states that deponent is informed by Officer Johnson that informant observed both defendant's inside the above-described bathroom.

Deponent further states that defendant Rodriguez has previously been convicted of a crime.

**False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.**

Deponent

6/19/2009 1300
Date and Time

ACT 5 Version 4.3.0 Created on 06/19/09 1:02 PM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————————————x
CARLOS RODRIGUEZ;
LISBETH FRANCO;
DORIS VELEZ;
MICHELLE SENA,

     Plaintiffs;

  -against-

PATRICT BUBB, Sheild #05666,
Police Detective;
CECILIO CINTRON, Sheild #03788,
Police Detective;
JANE DOE, Sheild #14233,
Police Detective;
ERIK RODRIGUEZ, Sheild #25962,
Police Detective,
OSCAR DIAZ, Sheild #3012,
Police Detective,
CHMEED DAVODIAN, Sheild #14091,
Police Detective;
PAUL TRAPANI, Sheild #5132,
Police Detective, Sergeant;
FRANKIE RIVERA, Sheild #Unknown,
Police Detective, Lt.;
RACHELD BRONBERG, Assistant
District Attorney;

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-3-11

PRO SE OFFICE

10 Civ. 891
(BSJ) (THK)

MOTION FOR LEAVE
TO FILE AN
AMENDED COMPLAINT

EVE TEIPEL, Assistant District
Attorney;
ALBERT BERRY III, Assistant
District Attorney;
BEVERLY JOHNSON, Shield #1635,
Parole Officer,

<u>Defendants.</u>                    x
_____

    Plaintiffs', Carlos Rodriguez, pursuant to
Rules 15 (a) and 19 (a), Federal Rules of Civil
Procedure, requests leave to file an amended
complaint adding additional Plaintiffs' and
Defendants, including facts and claim.

1. The plaintiff is adding Lisbeth Franco,
Doris Velez, and Michelle Sida as additional
plaintiffs.

2. The plaintiff is adding Oscar Diaz, shield
#3212; Ohmeed Davedian, shield #14091; Paul Trapani,
shield #5132; Frankie Rivera, shield #unknown; and
Beverly Johnson, shield #1635, as additional
defendants

3. This Court should grant leave freely to amend a complaint. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

Dated: April 24, 2011
        Seneca, N.Y.

Respectfully submitted,

Carlos Rodriquez #10 A 4342
Five Points Corr. Facility
State Route 96, P.O. Box 119
Romulus, N.Y. 14541

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
COUNTY OF CHEMUNG      )ss.:


        I, Carlos Rodriguez, proceeding pro-se, being duly
sworn, deposes and says;

I am over the age of eighteen years of age and a competent
witness;

        On January 11, 2012, I placed an accurate and true
copy of the Motion for Leave to File an Amended Complaint,
along with the appropriate and requested signatures on page 17,
and the original Declaration in Support of Motion to Proceed
in Forma Pauperis for Plaintiffs' Doris Velez and Michelle Seda,
in a properly addressed envelope, placed in the mail box at the
Elmira Correctional Facility, and addressed to the defendant's
attorney Brian J. Farrar at the following:

Brian J. Farra
Assistant Corporation Counsel
The City of New York
Law Department
100Church Street
New York, NY 10007


                                Respectfully,

                                Carlos Rodriguez
                                #10-A-4342
                                Elmira Corr. Facility
                                P.O. Box 500
                                Elmira, NY 14902-0500


cc.:   file

Carlos Rodriguez, #10-A-4342
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902-0500

January 11, 2012

Hon. Theodore H. Katz
United States Magistrate Judge
UNITED STATES DISTRICT COURT
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**10 Civ. 891 (BSJ)(THK)**

Dear Hon. Katz:

      Enclosed is the Motion for Leave to file an Amended
Complaint with the Plaintiffs', Doris Velez and Michelle Seda,
signature on page 17, as requested and required, along with
both plaintiffs' Declaration in Support of Motion to Proceed
in Forma Pauperis; and an Affidavit of Service, establishing
proper service on defendants attorney Mr. Brian J. Farra.

                                         Respectfully,

                                         Carlos Rodriguez



RECEIVED
JAN 24 2012
PRO SE OFFICE