UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

CARLOS RODRIGUEZ,
DORIS VELEZ
MICHELLE SEDA,

                                   Plaintiff,

-against-

CECILIO CINTRON, Police Officer;
JANE DOE, Police Officer;
ERIK RODRIGUEZ, Police Officer;
OSCAR DIAZ, Police Officer;
OHMEED DAVODIAN, Police Officer;
PAUL TRAPANI, Police Officer;
FRANKIE RIVERA, Police Officer;
BEVERLY JOHNSON, Parole Officer,

                                   Defendants.
------------------------------------------------------------------ x

**DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT**

10 Civ. 891 (BSJ) (THK)

JURY TRIAL DEMANDED

       Defendants Cecilio Cintron and Erik Rodriguez, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the Second Amended Complaint dated March 27, 2012 (hereinafter "complaint"), respectfully allege, upon information and belief, as follows:[1] [2]

       1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiffs purport to proceed and invoke the Court's jurisdiction as stated therein.

       2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiffs purport to base venue as stated therein.

---

[1] Upon information and belief, the individuals identified in the caption of the complaint as "Oscar Diaz," "Ohmeed Davodian," "Beverly Johnson," "Paul Trapani" and "Frank Rivera" have not been served with process and thus, are not parties to this action.

[2] By Order dated March 7, 2012, purported plaintiff Lisbeth Franco was dismissed from this action.

3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that, upon information and belief, plaintiff Carlos Rodriguez is currently incarcerated at Elmira Correctional Facility.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that defendant Cecilio Cintron, Shield No. 3788 is employed by the City of New York as a member of the New York City Police Department ("NYPD") and currently holds the rank of Detective.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that defendant Erik Rodriguez, Shield No. 25962 is employed by the City of New York as a member of the NYPD and currently holds the rank of Police Officer.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that Oscar Diaz, Shield No. 3012 is employed by the City of New York as a member of the NYPD and currently holds the rank of Police Officer.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Ohmeed Davodian, Shield No. 2837 is employed by the City of New York as a member of the NYPD and currently holds the rank of Detective.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Paul Trapani, Shield No. 5132 is employed by the City of New York as a member of the NYPD and currently holds the rank of Sergeant.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that Frankie Rivera is employed by the City of New York as a member of the NYPD and currently holds the rank of Lieutenant.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint insofar as they set forth averments of fact, except admit that plaintiffs purports to proceed as stated there; insofar as they set forth conclusions of law, defendants state that no response is required.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that on February 13, 2008 plaintiff Rodriguez was arrested for criminal sale of marijuana.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made by defendant Cintron to plaintiff's parole officer and any violations of plaintiff's parole.

21. Deny the allegations set forth in paragraph "21" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff's "parole violation Warrant, #444878, was filed on February 14, 2008," that it was "uplifted, on June 3, 2008" and that plaintiff was released on "$3,000.00 bail, on June 8, 2008."

22. Deny the allegations set forth in paragraph "22" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the disposition of plaintiff's criminal charges.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that plaintiff Rodriguez was inside 105 Post Avenue in New York, New York on October 22, 2008.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint, except admit that defendant Erik Rodriguez approached plaintiff Rodriguez.

26. Deny the allegations set forth in paragraph "26" of the complaint, except admit that plaintiff Rodriguez stated he was visiting someone in the building.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint, except admit that plaintiff Rodriguez was arrested and charged with criminal trespass, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the amount of time plaintiff was in custody, the number of court appearances he purportedly had to make, and the disposition of the criminal charges.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint, except admit that plaintiff Rodriguez and Lisbeth Franco were present inside 101 Post Avenue on June 18, 2009.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint insofar as they set forth averments of fact; insofar as they set forth conclusions of law, defendants state that no response is required.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint, except admit that plaintiff Rodriguez was arrested on June 18, 2009 and charged with criminal possession of a weapon and criminal possession of marijuana.

37. Deny the allegations set forth in paragraph "37" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that "plaintiff-Franco and her friend then returned to the building Courtyard."

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint, except admit that plaintiff Rodriguez and Lisbeth Franco were arrested and charged with criminal possession of a weapon and criminal possession of marijuana.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint, except admit that Lisbeth Franco was arrested and charged with criminal possession of a weapon and criminal possession of marijuana, and deny knowledge or information sufficient to form a belief as to the

truth of the allegations concerning the amount of time she was in custody, the number of court appearances she purportedly had to make, and the disposition of the criminal charges.

42. Deny the allegations set forth in paragraph "42" of the complaint insofar as they set forth averments of fact; insofar as they set forth conclusions of law, defendants state that no response is required.

43. Deny the allegations set forth in paragraph "43" of the complaint, except admit that Lisbeth Franco was arrested and charged with criminal possession of a weapon and criminal possession of marijuana.

44. Deny the allegations set forth in paragraph "44" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that "Plaintiff-Rodriguez was indicted, for these 2 knives, by a Grand Jury, in the County and State of New York."

45. Deny the allegations set forth in paragraph "45" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the amount of time plaintiff Rodriguez spent in custody or the disposition of Franco's criminal charges.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

48. Deny the allegations set forth in the second paragraph "47" of the complaint.

49. Deny the allegations set forth in paragraph "48" of the complaint.

50. Deny the allegations set forth in paragraph "49" of the complaint.

51. Deny the allegations set forth in paragraph "50" of the complaint.

52. Deny the allegations set forth in paragraph "51" of the complaint.

53. Deny the allegations set forth in paragraph "52" of the complaint.

54. Paragraphs "53" through "58" set forth no averments of fact for which a response is required.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

55. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

56. To the extent plaintiff Rodriguez alleges false arrest and malicious prosecution stemming from his arrest on June 18, 2009, such a claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

57. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

58. There was probable cause for plaintiffs' arrest, detention and prosecution.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

59. Plaintiffs may not have complied with the conditions precedent to bringing this lawsuit.

**WHEREFORE,** defendants Cecilio Cintron and Erik Rodriguez request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 23, 2012

                              MICHAEL A. CARDOZO
                              Corporation Counsel
                              of the City of New York
                              *Attorney for Defendants Cecilio Cintron and Erik Rodriguez*
                              100 Church Street, Rm. 3-203b
                              New York, New York 10007
                              (212) 341-0797

                        By:     /S
                              Brian J. Far rar
                              Assistant Corporation Counsel
                              Special Federal Litigation Division

To:    Carlos Rodriguez, DIN# 10A4342 (by regular mail)
        *Plaintiff Pro Se*
        Elmira Correctional Facility
        P.O. Box 500
        Elmira, New York 14902

        Doris Velez (by regular mail)
        *Plaintiff Pro Se*
        101 Post Avenue, #4A
        New York, New York 10034

        Michelle Seda (by regular mail)
        *Plaintiff Pro Se*
        101 Post Avenue, #4A
        New York, New York 10034

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS RODRIGUEZ,
DORIS VELEZ
MICHELLE SEDA,

           Plaintiff,

-against-

CECILIO CINTRON, Police Officer;
JANE DOE, Police Officer;
ERIK RODRIGUEZ, Police Officer;
OSCAR DIAZ, Police Officer;
OHMEED DAVODIAN, Police Officer;
PAUL TRAPANI, Police Officer;
FRANKIE RIVERA, Police Officer;
BEVERLY JOHNSON, Parole Officer,

           Defendants.

**DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants Cecilio Cintron and Erik Rodriguez*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Brian Farrar*
*Tel: (212) 341-0797*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................., 2012*

*............................................................. Esq.*

*Attorney for............................................................*