USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 7/9/12

PRO SE OFFICE

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X
CARLOS RODRIGUEZ,
DORIS VELEZ,
MICHELLE SEDA,

                Plaintiffs',

        -against-

CECILIO CINTRON, Police Officer;
JANE DOE, Police Officer;
ERIK RODRIGUEZ, Police Officer;
OSCAR DIAZ, Police Officer;
OHMEED DAVODIAN, Police Officer;
PAUL TRAPANI, Police Officer;
FRANKIE RIVERA, Police Officer;
BEVERLY JOHNSON, Parole Officer,

                Defendants.    X
———————————————————————

SECOND AMENDED
COMPLAINT

10 Civ. 891(BSJ)(THK)

## JURISDICTION & VENUE

1.     This is a civil action authorized by 42 U.S.C. §1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. §1331 and §1343(a)(3). Plaintiffs' seek declaratory relief pursuant to 28 U.S.C. §2201 and §2202.

2.     The Southern District of New York is an appropriate venue under 28 U.S.C. §1391(b)(2) because it is where the events giving rise to these claims occurred.

## PLAINTIFFS'

3.      Plaintiff, CARLOS RODRIGUEZ (hereinafetr Plaintiff-Rodriguez), proceeding pro-se, was at all times mentioned herein a resident, and a parolee, of the County and State of New York. He is now residing at the Elmira Correctional Facility.

4.      Plaintiffs', DORIS VELEZ (hereinafter Plaintiff-Velez) and Michelle Seda (hereinafter Plaintiff-Seda), proceeding pro-se, were at all times mentioned herein residence of the County and State of New York.

## DEFENDANTS'

5.      Defendant, CECILIO CINTRON (hereinafter Defendant-Cintron), Shield #03788, is a Police Officer for the New York City Police Department who, at all times mentioned herein, held the rank of Detective and was assigned to the Narcotics Boro Manhattan North, County and State of New York.

6.      Defendant, JANE DOE (hereinafter Defendant-Doe), Shield #14233, is a Police Officer for the New York City Police Department who, at all times mentioned herein, held the rank of U/C #14233 and was assigned to the Narcotics Boro Manhattan North, County and State of New York.

7.      Defendant, ERIK RODRIGUEZ (hereinafter Defendant-Rodriguez), Shield #25962, is a Police Officer for the New York City Police Department who, at all times mentioned herein, held

the rank of Police Officer and was assigned to the 34th Precinct, County and State of New York.

8. Defendant, OSCAR DIAZ (hereinafter Defendant-Diaz), Shield #3012, is a Police Officer for the New York City Police Department who, at all times mentioned herein, held the rank of Police Officer and was assigned to the 34th Precinct, County and State of New York.

9. Defendant, OHMEED DAVODIAN (hereinafter Defendant-Davodian), Shield #14091, is a Police Offcier for the New York City Police Department who, at all times mentioned herein, held the rank of Police Officer and was assigned to the 34th Precinct, County and State of New York.

10. Defendant, PAUL TRAPANI (hereinafter Defendant -Trapani, Shield #5132, is a Police Officer for the New York City Police Department who, at all times mentioned herein, held the rank of Sergeant and was assigned to the 34th Precinct, County and State of New York.

11. Defendant, FRANKIE RIVERA (hereinafetr Defendant- Rivera), Shield #Unknown, is a Police Officer for the New York City Police Department who, at all times mentioned herein, held the rank of Lieutenant and was assigned to the 34th Precinct, County and State of New York.

12. Defendant, BEVERLY JOHNSON (hereinafter Defendant-Johnson) Shield #1635, is a Parole Officer for the New York

State Division of Parole who, at all times mentioned herein, held the rank of Parole Officer and was assigned to Manhattan III, County and State of New York.

13. Each defendant, mentioned herein, is being sued individually and in their official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

## FACTS

### Incident of February 13, 2008

14. Plaintiff-Rodriguez was on his way to visit his mother, at 4:30 p.m., whom was at the Presbyterian Hospital, in the County and State of New York. He was approached by Defendant-Doe and asked for "Al".

15. Plaintiff-Rodriguez informed Defendant-Doe that "Al" should be in building 107 Post. Defendant-Doe asked for the location of building 107. Plaintiff-Rodriguez walked Defendant-Doe to the building of the building complex and pointed to building 107 before walking away.

16. Plaintiff-Rodriguez was stopped by Defendant-Cintron and several unidentified officers, at the corner of 207 and Post, handcuffed, searched, and then arrested for allegedly selling marijuana to an undercover police officer. Three Hundred thirty eight dollars ($338.00) were confiscated from plaintiff's person.

**17.** Upon information and belief, Defendant-Cintron and Defendant-Doe filed false criminal charges against Plaintiff-Rodriguez accusing said plaintiff of allegedly selling marijuana to an undercover police officer, namely, Defendant-Doe, who was identified as U/C #14233.

**18.** Upon information and belief, Defendant-Cintron contacted Plaintiff-Rodriguez's parole officer and informed said parole officer that plaintiff was arrested for allegedly selling marijuana to an undercover police officer in hopes of securing and extending plaintiff's confinement. As a result of this, plaintiff was charged with violating his parole. A parole warrant (#444878) was issued and plaintiff was held at the Rikers Island Correctional Facility pending the outcome of his parole violation.

**19.** Upon information and belief, Plaintiff-Rodriguez violation of parole, Warrant #444878, was dismissed for lack of probable cause. Plaintiff-Rodriguez posted bail in the amount of three thousand dollars (#3,000.00) and was thereafter released. However, Plaintiff-Rodriguez was required to return to court, multiple times, to face the criminal charges of allegedly selling marijuana to an undercover police officer. The criminal charges, however, were dismissed and sealed, on January 13, 2009, in Plaintiff-Rodriguez favor, due to a lack of probable cause.

### Incident of October 22, 2008

**20.** Plaintiff-Rodriguez was at a friends apartment assisting in repairing a computer. The friends apartment is within the building complex, building 105 Post Avenue, apartment 1A. When Plaintiff-Rodriguez exited the apartment, at 3:15 p.m. a male ran passed him because, upon information and belief, the police were chasing him.

**21.** Defendant-Rodriguez and an unidentified police officer stopped Plaintiff-Rodriguez and asked what was Plaintiff-Rodriguez doing in the building. Plaintiff-Rodriguez informed Defendant-Rodriguez that he was at a friends apartment and that he lived within the building complex. Plaintiff-Rodriguez provided his identification.

**22.** The unidentified police officer asked Plaintiff-Rodriguez why was the male running from them. Plaintiff-Rodriguez stated "I Don't Know" and was then unreasonably detained, searched and arrested for allegedly trespassing, and advised to take it up with the male that ran from the police.

**23.** Upon information and belief, Defendant-Rodriguez filed a Criminal Complaint against Plaintiff-Rodriguez accusing Plaintiff-Rodriguez of allegedly trespassing. As a result of Plaintiff-Rodriguez was illegally detained from October 22, 2008, until October 23, 2008, and was then required to return to court multiple times to answer the alleged criminal trespassing charge. The charge was dismissed and sealed in favor

of Plaintiff-Rodriguez for lack of probable cause, on January 7, 2010.

### Incident of June 18, 2009

24. Plaintiffs', Rodriguez, Velez and Seda, were inside their residence at 9:35 p.m., when Defendant-Johnson and Parole Officer Pitchardo knocked on the door and requested to enter.

25. Defendant-Johnson asked to "see" Plaintiff-Rodriguez room. After Defendant-Johnson saw Plaintiff-Rodriguez's room she, along with Plaintiff-Rodriguez, walked towards Plaintiff-Velez's room, at which point Lisbeth Franco (Plaintiffs' friend) exited the apartment. Defendant-Johnson exited the apartment right after Lisbeth Franco.

26. Defendants', Trapani, Davodian, Rivera, and other unidentified police officers entered Plaintiff-Velez residence without authorization, consent, or a search warrant, and demanded to "see" Plaintiff-Rodriguez's room. Plaintiff-Rodriguez asked to see a search warrant at which point Defendant-Davodian advised Plaintiff-Rodrigez that a search warrant is not required and again demanded to "see" Plaintiff-Rodriguez'room.

27. Defendants', Davodian, Trapani, and Rivera, advised Plaintiffs', Velez and Seda, not to move from the bed, not to make or receive any phone calls and not to talk to anyone.

28. Defendant-Davodian asked Plaintiff-Rodriguez if there is any contraband in the room. Plaintiff-Rodriguez removed a bottle of steroids and multiple syringes from his desk drawer.

Plaintiff-Rodriguez advised Defendant-Davodian that there is no other contraband in his room and then requested to see a search warrant. Plaintiif-Rodriguez was ignored. Plaintiff-Rodriguez was removed from his room and ordered to sit infront of Plaintiff-Velez's room while Defendants', Davodian, Trapani, and Rivera unreasonably searched the room, hallway, closets, and bathroom.

**29.** Plaintiff-Rodriguez's was arrested and removed from the apartment. He was ordered to sit on the hallway steps while the search of his residence continued.

**30.** Upon information and belief, Defendant-Johnson was called back to the apartment. After a few minutes of being inside the apartment returned back out of the apartment, tapped Plaintiff-Rodriguez on the head and left the building.

**31.** Upon information and belief, Plaintiffs', Velez and Seda, were advised to leave their residence and find somewhere else to sleep. Plaintiff-Velez advised Defendant-Davodian, Trapani, and Rivera, that she, her daughter and granddaughter had nowhere else to go and that it was not right to search her apartment without a search warrant. Both, Plaintiffs', Velez and Seda, including the granddaughter, were removed from their apartment.

**32.** Upon information and belief, Defendant-Johnson falsely accused Plaintiff-Rodriguez of removing 2 knives from

his bedroom drawer. These two knives were unreasonably removed from a religious statute that was placed at the front entrance of the apartment, without consent or authorization.

32. Upon information and belief, Defendant-Diaz filed criminal charges falsely accusing Plaintiff-Rodirugez of criminal possession of a weapon and marijuana. Defendant-Diaz also partook in the unreasonable search of plaintiffs' residence.

## LEGAL CLAIMS

33. Plaintiffs', Rodriguez, Velez, and Seda, realleges and incorporates by reference paragraphs 1 through 32.

### Incident of February 13, 2008

34. Defendants', Doe and Cintron's, false arrest and imprisonment, unreasonable search, and malicious prosecution, by filing false criminal charges against Plaintiff-Rodriguez, violated plaintiff's due process right under the 4, 6, and 14 amendment rights to the United States Constitution, caused plaintiff pain and suffering and emotional distress.

### Incident of October 22, 2008

35. Defendant-Rodriguez's false arrest and imprisonment, unreasonable search and malicious prosecution, by filing false criminal charges against Plaintiff-Rodriguez, in violation of plaintiff's due process rights under the 4, 6, and 14 amendment to the United States Constitution, caused plaintiff pain and suffering, and emotional distress.

## Incident of June 18, 2009

36.     Defendants', Davodian, Trapani, Rivera, Diaz, and Johnson, violated plaintiffs' rights when they conducted an unreasonable search of plaintiffs' residence in violation of the constitution of the United State, under the 4th amendment.

37.     Plaintiff-Velez's right was violated when two knives were illegally removed from her religious statute that was placed at the front entrance of her apartment, in violation of the First amendment to the United States Constitution.

38.     Plaintiffs' have no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiffs' have been and will continue to be irreparably injured by the conduct of the defendants' unless this court grants the declaratory relief which plaintiffs' seek.

39.     Pursuant to **CPLR §2001**, plaintiffs' request that this court disregard slight mistakes or irregularities in form, so long as it does not affect the merits or the substantial rights of the parties herein.

### PRAYER FOR RELIEF

40.     **WHEREFORE**, plaintiffs' respectfully pray that this court enter judgment:

41.     Granting plaintiffs' declaration that the acts

and omissions described herein, in all three incidents, violate plaintiffs' rights under the constitutions and laws of the United States, and

42. Granting plaintiffs' compensatory damages in an amount to be determined at trial against each of the mentioned defendants' herein jointly and severally, and

43. Granting plaintiffs' punitive damages in an amount to be determined at trial against each of the mentioned defendants' herein, jointly and severally, and

44. Plaintiffs' cost in this suit, and

45. Any additional relief this court deems just, proper, and equitable.

DONNA J. KOBBE
Notary Public, State of NY
No. 01K06197996
Qualified in Chemung County
Commission Expires December 8, 2012

Sworn to before me
this 3 day of July, 2012
_____
NOTARY PUBLIC

Very truly yours,
_____
Carlos Rodriguez, 10A4342
Elmira Correctional Fac.
P.O. Box 500
Elmira, N.Y. 14902-0500

Doris Velez   520538792
101 Post Avenue, Apt.#4A
New York, N.Y. 10034
(212) 942-4929

Michelle Seda  253113399
101 Post Avenue, Apt.#4A   520538792
New York, N.Y. 10034
(212) 942-4929

Silvia Vizcaino
Notary Public, State of New York
No. 01VI6008000
Qualified in New York County
Commission Expires 7/16/14

Sworn to before me
this 25 day of June, 2012
_____
NOTARY PUBLIC

Came before me Doris Velez
and Michelle Seda

-11-

## VERIFICATION

We, the plaintiffs', have read the foregoing complaint and hereby verify that the matters alleged therein are true except as to matters alleged on information and belief, and as to those we believe to be true. We certify under penalty of perjury that the foregoing is true and correct.

Very truly yours,

*[signature]*
Carlos Rodriguez, #10-A-4342
Elmira Correctional Facility
P.O. Box 500
Elmira, N.Y. 14902-0500

Sworn to before me
this 3 day of ~~June~~ July, 2012

*[signature]*
NOTARY PUBLIC

DONNA J. KOBBE
Notary Public, State of NY
No. 01K06197996
Qualified in Chemung County
Commission Expires December 8, 2012

*[signature]*
Doris Velez, Pro-Se
101 Post Avenue, Apt.#4A
New York, N.Y. 10034
(212) 942-4929

*[signature]*
Michelle Seda, Pro-Se
101 Post Avenue, Apt.#4A
New York, N.Y. 10034
(212) 942-4929

Sworn to before me
this 29th day of June, 2012

*[signature]*
NOTARY PUBLIC

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                         )ss.:
COUNTY OF CHEMUNG        )

I, CARLOS RODRIGUEZ, being duly sworn deposes and says: that on the below indicated date of notarization, I served a true copy of s Second Amended Complaint and Verification on the following party:

>Mr. Brian J. Farrar
>Assistant Corporation Counsel
>The City of New York
>Law Department
>100 Church Street
>New York, N.Y. 10007

by placing said documents in a properly addressed envelope with postage-prepaid and placing said envelope in the prison mailbox located at the Elmira Correctional Facility.

Very truly yours,

_____
Carlos Rodriguez, #10-A-4342
Elmira Correctional Facility
P.O. Box 500
Elmira, N.Y. 14902-0500

Sworn to before me
this 3 day of ~~June~~ July, 2012

_____
NOTARY PUBLIC

DONNA J. KOBBE
Notary Public, State of NY
No. 01K06197996
Qualified in Chemung County
Commission Expires December 8, 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
CARLOS RODRIGUEZ,                           X
DORIS VELEZ,
MICHELLE SEDA,

                    Plaintiffs,                    **SUMMONS**

        -against-

CECILIO CINTRON, Police Officer;
JANE DOE, Police Officer;
ERIK RODRIGUEZ, Police Officer;             10 Civ. 891
OSCAR DIAZ, Police Officer;                 (BSJ)(THK)
OHMEED DAVODIAN, Police Officer;
PAUL TRAPANI, Police Officer;
FRANKIE RIVERA, Police Officer;
BEVERLY JOHNSON, Parole Officer,

                    Defendants.             X
------------------------------------

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to serve upon plaintiffs, whose address is Elmira Correctional Facility, P.O. Box 500, Elmira, NY 14902-0500, for Plaintiff-Rodirugez, and 101 Post Avenue, Apartment #4A, New York, NY 10034, for Plaintiffs, Velez and Seda, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service, or 60 days if the U.S. Government or officer/agent thereof will be taken against you for the relief demanded in the complaint.

Clerk of the Court

Dated:

Carlos Rodriguez, #10-A-4342
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902-0500

July 2, 2012

U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

RE: Rodriguez, et al. v. NYC Police Department, et al.
    10 Civ. 891 (BSJ)(THK)

Dear Clerk:

　　Enclosed is the perfected Second Amended Complaint, with the changes granted by the Honorable Katz, dated April 13, 2012.

Very truly yours,

Carlos Rodriguez

ELMIRA, NEW YORK 14902-0500

Carlos Rodriguez, #10A4342

RECEIVED
SDNY PRO SE OFFICE
2012 JUL -9 P 3: 33

To: U.S. District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007-1312