UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CARLOS RODRIGUEZ,
DORIS VELEZ
MICHELLE SEDA,

                                 Plaintiff,

                -against-

CECILIO CINTRON, Police Officer;
JANE DOE, Police Officer;
ERIK RODRIGUEZ, Police Officer;
OSCAR DIAZ, Police Officer;
OHMEED DAVODIAN, Police Officer;
PAUL TRAPANI, Police Officer;
FRANKIE RIVERA, Police Officer;
BEVERLY JOHNSON, Parole Officer,[1]

                                 Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT**

10 Civ. 891 (LGS) (RLE)

JURY TRIAL DEMANDED

        Defendants Cecilio Cintron, Erik Rodriguez, Oscar Diaz, Ohmeed Davodian, Paul Trapani and Frankie Rivera, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for their answer to the Second Amended Complaint (hereinafter "complaint"), respectfully allege, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiffs purport to proceed and invoke the Court's jurisdiction as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiffs purport to base venue as stated therein.

        3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that, upon information and belief, plaintiff Carlos Rodriguez is currently incarcerated at Elmira

---

[1] By Order dated July 2, 2013, all claims against defendant Beverly Johnson were dismissed with prejudice.

Correctional Facility, plaintiff is proceeding *pro se*, and that plaintiff was previously a parolee in the State of New York.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint, except admit the plaintiffs Velez and Seda are proceeding *pro se*.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that defendant Cecilio Cintron, Shield No. 3788 is employed by the City of New York as a member of the New York City Police Department ("NYPD").

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that defendant Erik Rodriguez, Shield No. 25962 is employed by the City of New York as a member of the NYPD.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that Oscar Diaz, Shield No. 3012 is employed by the City of New York as a member of the NYPD.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that Ohmeed Davodian, Shield No. 2837 is employed by the City of New York as a member of the NYPD.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Paul Trapani is employed by the City of New York as a member of the NYPD.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that Frankie Rivera is employed by the City of New York as a member of the NYPD.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint insofar as they set forth averments of fact, except admit that plaintiffs purport to proceed as stated there; insofar as they set forth conclusions of law, defendants state that no response is required.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that on February 13, 2008 plaintiff Rodriguez was arrested for criminal sale of marijuana.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that plaintiff was arrested for criminal sale of marijuana and deny knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff Rodriguez was charged with violating his parole, that a parole warrant was issued and that plaintiff was held at Riker's Island pending a conclusion of his parole violation.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff Rodriguez was in the vicinity of 105 Post Avenue in New York, New York on October 22, 2008.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint, except admit that plaintiff was arrested for trespass.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that plaintiff Rodriguez was arrested and charged with criminal trespass, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the amount of time plaintiff was in custody, the number of court appearances he purportedly had to make, and the disposition of the criminal charges.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint, except admit that plaintiffs were present inside 101 Post Avenue on June 18, 2009.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint, except admit that police officers were present inside 101 Post Avenue on June 18, 2009.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint, except admit that steroids, syringes and other contraband was present inside plaintiffs' apartment on June 18, 2009.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint, except admit that plaintiff Rodriguez was arrested.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in <u>second</u> paragraph "32" of the complaint, except admit that plaintiff Rodriguez was arrested on June 18, 2009, and charged with criminal possession of a weapon and criminal possession of marijuana.

34. In response to the allegations set forth in paragraph "33" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

35. Deny the allegations set forth in the second paragraph "34" of the complaint.

36. Deny the allegations set forth in paragraph "35" of the complaint.

37. Deny the allegations set forth in paragraph "36" of the complaint.

38. Deny the allegations set forth in paragraph "37" of the complaint.

39. Deny the allegations set forth in paragraph "38" of the complaint.

40. Paragraphs "39" through "45" of the complaint set forth no averments of fact for which a response is required.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

41. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

42. To the extent plaintiff Rodriguez alleges false arrest and malicious prosecution stemming from his arrest on June 18, 2009, such a claim is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

43. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

44. There was probable cause for plaintiffs' arrest, detention and prosecution.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

45. Plaintiffs may not have complied with the conditions precedent to bringing this lawsuit.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

46. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

47. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**WHEREFORE,** defendants Cecilio Cintron, Erik Rodriguez, Oscar Diaz, Ohmeed Davodian, Paul Trapani and Frankie Rivera request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 20, 2013

MICHAEL A. CARDOZO
Corporation Counsel
of the City of New York
*Attorney for Defendants Cecilio Cintron, Erik Rodriguez, Oscar Diaz, Ohmeed Davodian, Paul Trapani and Frankie Rivera*
100 Church Street, Rm. 3-203b
New York, New York 10007
(212) 356-2377

By: _____/S_____
Brian J. Farrar
Assistant Corporation Counsel

To: Carlos Rodriguez, DIN# 10A4342 (by regular mail)
*Plaintiff Pro Se*
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

Doris Velez (by regular mail)
*Plaintiff Pro Se*
101 Post Avenue, #4A
New York, New York 10034

Michelle Seda (by regular mail)
*Plaintiff Pro Se*
101 Post Avenue, #4A
New York, New York 10034

10 Civ. 891 (LGS) (RLE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS RODRIGUEZ,
DORIS VELEZ
MICHELLE SEDA,

                                Plaintiff,

-against-

CECILIO CINTRON, Police Officer;
JANE DOE, Police Officer;
ERIK RODRIGUEZ, Police Officer;
OSCAR DIAZ, Police Officer;
OHMEED DAVODIAN, Police Officer;
PAUL TRAPANI, Police Officer;
FRANKIE RIVERA, Police Officer;
BEVERLY JOHNSON, Parole Officer,

                                Defendants.

**DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants Cecilio Cintron, Erik Rodriguez, Oscar Diaz, Ohmeed Davodian, Paul Trapani and Frankie Rivera*
*New York, New York 10007*

*Of Counsel: Brian Farrar*
*Tel: (212) 356-2377*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................., 2013*

*........................................................................ Esq.*

*Attorney for..............................................................*